THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NAZIM GURUSCO,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>    Defendant. | CASE NO. C13-1383-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's objections to the Report and Recommendation of the Honorable James P. Donohue, United States Magistrate Judge. (Dkt. No. 20.) Having thoroughly considered Report and Recommendation, (Dkt. No. 19), the objections, Defendant's response, (Dkt. No. 21), Plaintiff's reply, (Dkt. No. 22), the administrative record, (Dkt. No. 13), and the balance of the record, the Court finds oral argument unnecessary and hereby overrules Plaintiff's objections and adopts the Report and Recommendation for the reasons explained herein.

I.     BACKGROUND

The relevant facts in this case have been set forth in Judge Donohue's Report and Recommendation, and the Court will not repeat them. (Dkt. No. 19 at 1–2, 5–6.) In brief, Plaintiff, a below-the-knee amputee with a prosthetic device, contends that his impairment meets or equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The

1  ALJ disagreed, and Plaintiff appealed its ruling to this Court.

2  Judge Donohue recommends upholding the ALJ's finding that Plaintiff's impairment
3  does not meet or equal the impairment set out in Listing 1.05 of 20 C.F.R. Part 404, Subpart P,
4  Appendix 1. In particular, Judge Donohue recommends finding that the Listing's reference to a
5  "medical inability to use a prosthetic device to ambulate effectively" required the existence of a
6  medical condition that prevents Plaintiff from using a prosthesis to ambulate, rather than an
7  inability to afford such a prosthesis. (Dkt. No. 19 at 15–16.)

8  **II.    DISCUSSION**

9  As both Judge Donohue and Plaintiff agree, it is a claimant's burden to demonstrate that
10 his or her impairments meet or equal a listing. *See Bowen v. Yuckert*, 482 U.S. 137, 141, 146 n.5
11 (1987). The Commissioner's findings of facts are conclusive "if supported by substantial
12 evidence." 42 U.S.C. § 405(g). Here, Plaintiff argues that the ALJ—and, subsequently, Judge
13 Donohue—erred because Plaintiff's impairment meets or equals an impairment set out in the
14 relevant federal regulation.

15         **A.    Medical Inability to Use a Prosthetic Device to Ambulate Effectively**

16 Listing 1.05B states that an individual is disabled if he has an amputation consisting of
17 "[o]ne or both lower extremities at or above the tarsal region, with stump complications resulting
18 in medical inability to use a prosthetic device to ambulate effectively, as defined in 1.00B2b,
19 which have lasted or are expected to last for at least 12 months." 20 C.F.R. Pt. 404, Subpt. P,
20 App. 1, § 1.05B. Plaintiff's left foot has been amputated. At issue is whether Plaintiff's stump
21 complications result in a medical inability to use a prosthetic device to ambulate effectively due
22 to conditions unrelated to the use of his current, ill-fitting, prosthesis.

23 Judge Donohue found that the ALJ did not err in finding that Plaintiff does not have
24 stump complications resulting in a medical inability to use a prosthetic device to ambulate
25 effectively that arose out of a cause independent from his ill-fitting prosthetic device. He noted
26 that, first, the Ninth Circuit's holding that the "inability to use a prosthesis effectively" in then-

operative Listing 1.10(C) referred to financial inability as well as medical inability, *Gamble v. Chater*, 68 F.3d 319, 322 (9th Cir. 1995), had been overridden by the replacement of previous Listing 1.10(C) with currently-operative Listing 1.05(B), which specifically requires the "*medical* inability to use a prosthetic device to ambulate effectively." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.05B (emphasis added). Judge Donohue noted that the Commissioner, in discussing Listing 1.05(B), explicitly stated that "the inability to afford a prosthetic device does not represent a 'medical' inability to use a prosthetic device to ambulate effectively." (Dkt. No. 19 at 9) (quoting AR at 16–17.) *See also* Rescission of Social Security Acquiescence Ruling 97-2(9), 66 Fed. Reg. 58047 (Nov. 19, 2001) (same). Accordingly, Judge Donohue did not err in upholding the ALJ's finding that *Gamble v. Chater*'s interpretation of the phrase "inability to use a prosthesis effectively" in former Listing 1.10(C) is not directly applicable to the phrase "medical inability to use a prosthetic device to ambulate effectively" in current Listing 1.05(B). (Dkt. No. 19 at 15–16.)

      Plaintiff's argument that "[t]here is no <u>medical</u> evidence in the record that supports a finding that Mr. Gurusco would be able to ambulate effectively if he had a better prosthesis," (Dkt. No. 20 at 5), is incorrect, as there was medical evidence supporting precisely that claim. For instance, the ALJ was entitled to consider Plaintiff's medical history suggesting that his current problems did not exist at a time when he used a well-fitted prosthesis. (*See* AR at 18.)[1] Moreover, Karen Johnson, ARNP, found "signs of an ill-fitting prosthesis as shown by bruising in left stump, open bleeding on end of stump, broken down prosthesis," and a "foul smell," suggesting that Plaintiff's current inability to ambulate effectively arises out of his ill-fitting

---

[1] Plaintiff contends that he previously suffered stump complications even while using a prosthesis that was well-fitted. (Dkt. No. 20 at 4–6.) However, he does not show that those previous stump complications resulted in a "medical inability to use a prosthetic device to ambulate effectively," as required by the Listing. As noted by Judge Donohue and the ALJ, when Plaintiff has a properly fitted prosthesis, he has shown the medical ability to use it to ambulate effectively. (*See* Dkt. No. 19 at 10–11.)

prosthesis. (Dkt. No. 19 at 14) (citing AR at 425–26). (*See also* Dkt. No. 19 at 14) (citing AR at 365, 368). Accordingly, as discussed by Judge Donohue, (Dkt. No. 19 at 13–15), the ALJ could reasonably rely upon the medical evidence before it to "conclude that to the extent any stump complications were mentioned in the medical records . . . these complications were caused by plaintiff's ill-fitting prosthesis rather than some other independent 'medical' cause." (Dkt. No. 19 at 15.)

Plaintiff also raises a closely related argument: that the ALJ should not have denied a finding of disability because "[d]isability benefits may not be denied because of the claimant's failure to obtain treatment he cannot obtain for lack of funds." *Gamble*, 68 F.3d at 321. Effectively, Plaintiff is arguing that even if his impairment does not satisfy Listing 1.05(b)'s requirement that he have a "medical" inability to use a prosthesis to ambulate effectively, the Court should nonetheless find that Plaintiff's impairment is equivalent to the one described in the Listing because Plaintiff cannot afford the treatment he requires. Even if Plaintiff's legal argument is correct, however, the ALJ is responsible for determining credibility, *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995), and as stated by the ALJ and acknowledged by Judge Donohue,

> there is no evidence corroborating the claimant's allegation that he is unable to obtain a better prosthesis. When I asked him about this his response was half-hearted and mumbled and he clearly had no real answer. He specifically acknowledged that he had made no contact with the source of his current prosthetic since 'a few years ago' when he went to them and all they did was provide a rubber piece.

(Dkt. No. 19 at 11) (quoting AR at 18). Indeed, that finding is corroborated by administrative records showing that Plaintiff stated that he had contacted only one charitable organization that provides prosthetics, "a few years back." (Dkt. 19 at 15) (quoting AR at 48.) Here, the above statements and demeanor, when combined with the other evidence on the record, supports the ALJ's finding that "there is no evidence corroborating the claimant's allegation that he is unable to obtain a better prosthesis." (AR at 18.) Plaintiff makes no effort to address the ALJ's

ORDER
PAGE - 4

credibility finding, and does not contend that the ALJ erred in not crediting his statement that he cannot afford a prosthesis. Instead, Plaintiff conclusorily asserts that "he simply cannot afford to purchase a new prosthesis." (Dkt. No. 20 at 6.) However, the ALJ did not credit that explanation, and credibility determinations are among the ALJ's responsibilities. Accordingly, the ALJ's decision not "to apply the precepts of *Gamble v. Chater to this case*," (AR at 19) (emphasis in original), is supported by its finding that claimant was not credible in stating that he could not afford a new prosthesis. (*See* AR at 18–19, 21.)

For the foregoing reasons, the Court adopts Judge Donohue's Report and Recommendation in full, and finds that the ALJ's factual findings were based on substantial evidence and it did not err in its legal conclusions.

### B.   Alternative Arguments

In his objections to Judge Donohue's Report and Recommendation, Plaintiff raises several new arguments for the first time. First, Plaintiff states that the ALJ, upon determining that Plaintiff's inability to ambulate effectively arose out of his ill-fitting prosthesis, "had the duty to secure a medical opinion regarding the effect of a new prosthesis on Mr. Gurusco's ambulation once this became the crux of the inquiry and decision." (Dkt. No. 20 at 5.) Second, Plaintiff attempts to challenge the ALJ's finding regarding Plaintiff's residual functional capacity. (Dkt. No. 20 at 7–8.) Plaintiff does not contend that he previously raised these grounds in his original brief, or give any reason why the Court should consider them now despite his failure to raise them. (*See* Dkt. No. 20 at 5–8, Dkt. No. 22 at 3–6.)

The Court will not consider arguments that are raised for the first time in a party's objections to a magistrate judge's report and recommendation. *See In re Rains*, 428 F.3d 893, 902 (9th Cir. 2005) ("In general, this Court does not consider an issue raised for the first time on appeal."); *Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."). Accordingly, the Court declines to address those arguments.

## III.  CONCLUSION

For the foregoing reasons, Plaintiff's objections to Judge Donohue's Report and Recommendation, (Dkt. No. 20) are OVERRULED. The Court ADOPTS Judge Donohue's Report and Recommendation in full. The final decision of the Commissioner is AFFIRMED and this case is DISMISSED with prejudice. The Clerk of the Court is directed to send copies of this Order to the parties and to Judge Donohue.

DATED this 28th day of April 2014.

*[signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE